***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 6, affirmed March 8, 2023

In the Matter of the Marriage of

Heather Saigo WEAVER,
*Petitioner-Respondent,*
*and*

Todd Andrew WEAVER,
*Respondent-Appellant.*

Jackson County Circuit Court
21DR14358; A179254

Timothy C. Gerking, Judge.

Todd A. Weaver filed the briefs *pro se*.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Father appeals from an order and supplemental judgment in a proceeding arising under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). He raises one assignment of error, arguing that the trial court erred when it granted mother's motion to compel production and awarded attorney fees, because the court lacked personal jurisdiction over him.

The UCCJEA specifically provides that "personal jurisdiction over[] a party or a child is not necessary or sufficient to make a child custody determination." ORS 109.741(3); *see also Dept. of Human Services v. M. H.*, 256 Or App 306, 323, 300 P3d 1262, *rev den*, 354 Or 61 (2013) ("Under ORS 109.741(3), then, personal jurisdiction over a child is not required for a court to have jurisdiction over a matter concerning the custody of the child[.]").

Father does not delineate the impact of that statute on his jurisdictional arguments, and he did not designate any of the portions of the transcript where the court may have considered those issues as part of our record on appeal. Thus, we cannot determine the basis of the trial court's decision, or whether evidence was taken regarding father's arguments relating to his contacts with Oregon. "An appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). If the record is insufficient, we may decline to review the issue. ORS 19.365(5). Because the transcript is necessary to evaluate father's assignment of error and one has not been provided, we conclude that the issues raised in father's appeal are unreviewable.

Affirmed.